Case 3:24-cv-00324   Document 15   Filed on 04/24/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
April 24, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| KEVIN F.,[1] | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00324 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

## <u>OPINION AND ORDER</u>

Plaintiff Kevin F. seeks judicial review of an administrative decision denying his application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"). Kevin F. and Defendant Leland Dudek, the Acting Commissioner of the Social Security Administration (the "Commissioner"),[2] have both filed briefs. *See* Dkts. 11, 12. After reviewing the briefing, the record, and the applicable law, I affirm the Commissioner's decision.

## BACKGROUND

On June 23, 2022, Kevin F. filed a Title II application for disability and disability insurance benefits alleging disability beginning December 2, 2017. His application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing. Kevin F., through his attorney, requested to amend his alleged onset date to December 5, 2021, which is the date

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions.

[2] Dudek became the Acting Commissioner of Social Security on February 16, 2025. Dudek is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

of his 55th birthday. Following the hearing, the ALJ issued a written decision finding that Kevin F. was not disabled. Kevin F. filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

(1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Kevin F. "did not engage in substantial gainful activity during the period from his amended alleged onset date of December 6, 2021 through his date last insured of September 30, 2023." Dkt. 10-3 at 18.

The ALJ found at Step 2 that, Kevin F. "had the following severe impairments: status-post right knee replacement; osteoarthritis in bilateral knees; status-post trigger finger surgery for right thumb and 4th and 5th fingers; status-post cervical fusion and lumbar fusion; status-post left bicep tendon repair; left wrist ganglion cyst; and obesity." *Id.* The ALJ also found that Kevin F. "had the following non-severe impairments: posttraumatic stress disorder (PTSD); anxiety; depression; gastroesophageal reflux disease (GERD); and hypertension." *Id.* After reviewing the "paragraph B" criteria,[3] the ALJ found that Kevin F.'s "medically

---

[3] "The severity of 'mental disorders' is measured using medical criteria ('paragraph A'), functional criteria ('paragraph B'), and an analysis of 'serious and persistent mental disorders' ('paragraph C')." *Vigil v. Berryhill*, No. EP-17-cv-0242, 2018 WL 3233345, at *2 (W.D. Tex. July 2, 2018) (quoting 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(a)–(c)). A claimant's mental disorder satisfies "paragraph B" when it results in one "extreme"

determinable mental impairments, considered singly and in combination, did not cause more than minimal limitation in [his] ability to perform basic mental work activities and were, therefore, non-severe." *Id.* at 20.

At Step 3, the ALJ found that none of Kevin F.'s impairments met any of the Social Security Administration's listed impairments. *See id.* at 23–25.

Prior to consideration of Step 4, the ALJ determined Kevin F.'s RFC as follows:

> [T]hrough the date last insured, [Kevin F.] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). However, [he] is limited to occasional kneeling, crouching, crawling, and climbing stairs, ramps, and ladders. He can never climb ropes or scaffolds. [He] can occasionally reach overhead with his bilateral upper extremities, and he has an unlimited capacity to reach in other directions bilaterally. Additionally, he can frequently handle, finger, and feel with his right dominant hand.

*Id.* at 25.

At Step 4, the ALJ found that "[f]rom the amended alleged onset date through the date last insured, [Kevin F.] was capable of performing past relevant work as a Narcotics Investigator. This work did not require the performance of work-related activities precluded by [his] residual functional capacity." *Id.* at 32.

Accordingly, the ALJ found that Kevin F. "was not under a disability, as defined in the Social Security Act, at any time from December 6, 2021, the amended alleged onset date, through September 30, 2023, the date last insured." *Id.* at 35.

## DISCUSSION

This appeal presents one issue for my review: "[w]hether remand is required because the [ALJ] failed to include the mental limitations she found credible in the [RFC] or explain their omission." Dkt. 11 at 1. I find that remand is not required.

---

or two "marked" limitations in the following "areas of mental functioning a person uses in a work setting": (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)(2)(b).

At Step 2, the ALJ found that Kevin F.'s medically determinable mental impairments of PTSD, anxiety, and depression were not severe. The ALJ found that Kevin F. had mild limitation in all four paragraph B criteria. Importantly, Kevin F. does *not* take issue with the ALJ's analysis of the paragraph B criteria or her Step 2 findings. Rather, Kevin F. contends that the ALJ erred by failing to account for his mild limitations when crafting his RFC. Specifically, Kevin F. argues "that the ALJ failed to assess the impact of his proven limitations on his ability to perform his skilled past relevant work or his ability to effectively use skills from his past work to perform other, similar occupations." Dkt. 14 at 1. To be very clear, "[t]he [alleged] error here is not the ALJ's failure to *include* mental limitations in the residual-functional-capacity assessment. Rather, the [alleged] error is the failure to *consider* whether mental functional limitations were warranted." *Castillo v. Kijakazi*, 599 F. Supp. 3d 483, 489 (W.D. Tex. 2022).

Kevin F. relies on *Castillo* and a host of other opinions from across the country to persuade me that the ALJ's failure to consider his mild limitation in the paragraph B criteria after Step 2 warrants remand. *See* Dkt. 11 at 6–9 (collecting cases). There is just one problem: neither *Castillo*—nor any of the other opinions from district courts within the Fifth Circuit relied upon by Kevin F.—discuss or even cite the Fifth Circuit's decision in *Jeansonne v. Saul*, 855 F. App'x 193 (5th Cir. 2021).

In *Jeansonne*, the claimant argued, as Kevin F. does here, that it was "facial legal error" for the ALJ not to have accounted for the three mild limitations the ALJ assessed when evaluating the paragraph B criteria in crafting her RFC. Brief for Appellant at 30, *Jeansonne v. Saul*, No. 20-30570 (Nov. 23, 2020). Moreover, as here, Jeansonne, who "was of advanced age," argued that "[t]he ALJ's failure to account for [her] admitted mild mental functional limitations in the RFC finding was a significant legal error because the issue . . . was [her] mental capacity to perform semi-skilled work" as opposed to unskilled work. *Id.* at 13, 20.

The Fifth Circuit held:

5

> Because substantial evidence shows that Jeansonne's mild mental limitations do not significantly affect her ability to work, we also find no error at step five—whether the impairment prevents the claimant from performing any other substantial gainful activity. Generally, at step five, an ALJ considers the claimant's residual functional capacity ("RFC") as part of the determination of whether the claimant is unable to perform other substantial gainful activity. Although not binding on this Court, we have frequently looked to SSA rulings for guidance on what should be considered for a claimant's RFC. SSR 96-8p instructs that "*all* relevant evidence in the case record" should be considered for RFC, and "the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Nevertheless, "the RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's *ability to do work-related activities*."
>
> As previously stated, the evidence supports a finding that Jeansonne's mild mental limitations do not significantly affect her ability to work. Therefore, we determine that the ALJ did not err in declining to consider Jeansonne's mental impairments at step five.

*Jeansonne*, 855 F. App'x at 197–98 (cleaned up).

Although *Jeansonne* is not a precedential decision, it is almost perfectly apposite to this case and, as a Fifth Circuit opinion, merits great persuasive force. *See, e.g.*, *Mayweather v. U.S. Comm'r Soc. Sec. Admin.*, No. 08-cv-0391, 2009 WL 311099, at *2 (W.D. La. Feb. 9, 2009) (Where a Fifth Circuit opinion "is unpublished and issued after January 1, 1996, . . . it is not precedential. Fifth Cir. R. 47.5.4. But it is certainly of persuasive value."). If *Castillo* or any of the other opinions that Kevin F. cites from district courts within the Fifth Circuit—all of which were decided after *Jeansonne*—had at least discussed *Jeansonne*, I might consider them. But none of the opinions relied upon by Kevin F. even identify *Jeansonne*.

Kevin F. fails to contest the ALJ's Step 2 finding that his "medically determinable mental impairments caused no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in [his] ability to do basic work activities." Dkt. 10-

6

3 at 22. Thus, I agree with the other district courts in this circuit that have confronted the argument Kevin F. raises here and at least identified *Jeansonne* as relevant: "ALJs may properly exclude non-severe mental limitations from the RFC assessment where substantial evidence supports the [psychiatric review technique] determinations that mental limitations do not significantly affect the claimant's capacity to perform work-related activities." *Fitzgerald v. O'Malley*, No. 7:23-cv-0209, 2024 WL 4575144, at *12 (S.D. Tex. Sept. 30, 2024); *see also Brown v. Comm'r of Soc. Sec.*, No. 7:23-cv-00084, 2024 WL 4169173, at *9 (N.D. Tex. May 1, 2024) ("Brown has not argued that substantial evidence did not support the ALJ's step two determination. Therefore, because the ALJ found at step two that Brown's non-severe mental impairments did not cause 'more than a minimal limitation in the claimant's ability to do basic work activities,' there was no error in not considering them in the RFC determination."); *Murray v. Saul*, No. 1:20-cv-0800, 2021 WL 3721447, at *4 (W.D. Tex. Aug. 23, 2021) (no error where "the ALJ failed to explain why Plaintiff's mild mental limitations did not warrant additional limitations in Plaintiff's RFC"); *Wyman v. O'Malley*, No. 3:23-01636, 2024 WL 4969164, at *9 (W.D. La. Nov. 18, 2024) ("To the extent that the ALJ may have erred in how he structured his decision (by including a discussion of Wyman's mental impairments only in his step two analysis), any error was harmless."); *Brown v. Comm'r of Soc. Sec.*, No. 1:22-cv-1367, 2024 WL 115814, at *4 (W.D. Tex. Jan. 10, 2024) ("Here, the ALJ found 'no more than mild' limitations in the four 'paragraph B' criteria, and thus, properly excluded mental limitations from the RFC."); *Cruz v. Kijakazi*, No. SA-21-cv-01246, 2022 WL 17039318, at *6 (W.D. Tex. Nov. 17, 2022) ("Mild findings as to the Paragraph B criteria do not mandate the inclusion of mental limitations in the RFC, where the mild limitations do not affect the claimant's ability to do work.").

      Relatedly, Kevin F. argues that the ALJ should have explicitly considered that he "attributed his mental symptoms to his history of police work," and that "even if his mental impairments were not severe and the associated limitations

7

were no more than mild, his mental symptoms were undeniably relevant to his ability to perform his past work or other work involving similar skills and responsibilities." Dkt. 11 at 13. I will assume, without deciding, that failure to include such analysis was error. Even so, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). Kevin F. has not shown how the result would have been anything other than "not disabled," even if the ALJ had discussed the relationship between his mild mental limitations and his previous work. Thus, I cannot say that any substantial right of his was affected. *Mays*, 837 F.3d at 1364 ("The result continued to be that Mays was 'not disabled,' and no substantial right of his was affected.").

## CONCLUSION

For the reasons discussed above, I find the Commissioner's decision supported by substantial evidence and free of legal error. The Commissioner's decision is affirmed.

A final judgment will issue separately.

SIGNED this 24th day of April 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

8